JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA JOSEPH BURKE,<br>Plaintiff,<br>v.<br>GENERAL MOTORS LLC, et al,<br>Defendants. | Case No. 2:25-cv-06640-SRM-AJR<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [12]** |

Before the Court is Plaintiff Joshua Burke's ("Plaintiff") Motion for Remand ("Motion"). Dkt. 12. Defendant General Motors LLC ("Defendant" or "Defendant GM") filed an Opposition and Plaintiff filed a Reply. Dkt. 18, 19. The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. For the reasons below, the Motion is **GRANTED**. Dkt. 12.

## I. BACKGROUND

On February 3, 2025, Plaintiff filed the underlying Complaint in Los Angeles County Superior Court alleging claims under the federal Magnuson-Moss Warranty Act ("MMWA"), breach of the implied warranty of merchantability, and the Song-Beverly Consumer Warranty Act ("Song-Beverly Act"). Dkt. 1-1 at 12–18.

According to the Complaint, on or around January 23, 2019, Plaintiff purchased a 2019 Chevrolet Silverado 1500 VIN 1GCUYEED1KZ165640 ("vehicle"). Dkt. 1-1 at 13. The Complaint indicates that the Plaintiff was and is a resident of Eureka, California. Dkt 1-1 at 12. The purchase included an express written warranty, which stated that if the vehicle developed a nonconformity during the applicable warranty period, then Defendant GM's authorized service facilities would repair the vehicle. *Id.* During Plaintiff's ownership of the vehicle, the vehicle manifested defects including transmission and electrical problems covered by Defendant GM's express written warranties. *Id*. These defects occurred during the vehicle's warranty period. *Id*. Plaintiff took the vehicle to an authorized service facility to diagnose the defects. However, Plaintiff alleges that Defendant GM refused to service and repair the vehicle to conform to the applicable express warranties, to promptly replace, or to make restitution to the Plaintiff, as required by California Civil Code § 1793.2(d), after a reasonable number of opportunities to do so. Plaintiff alleges that Defendant GM's failure was willful and thus entitled Plaintiff to a civil penalty of up to two times the actual damages, pursuant to California Civil Code § 1794(c). *Id*.

On May 19, 2025, pursuant to Code of Civil Procedure section 871.26, Plaintiff produced a copy of the Subject Vehicle's Sales Agreement and other statutory disclosures to all parties as part of Plaintiff's statutory disclosures. Dkt. 12-1 at 3. The Subject Vehicle's Sales Agreement identifies a total sales price of $70,192.80. *Id*. On May 19, 2025, Plaintiff also indicated to Defendant GM, for instance, that the mileage of the vehicle was 41,000 and that the vehicle was in his possession and paid off. *See* Dkt. 18-2 at 2.

On July 21, 2025, more than thirty days after Plaintiff served the Complaint, Defendant GM removed the action based on diversity jurisdiction under 28 U.S.C. § 1332. *See* Dkt. 1. Plaintiff moves to remand the action arguing Defendant GM's removal was untimely and not substantively proper. Dkt. 12.

## II. LEGAL STANDARD

Federal courts have limited jurisdiction. *See* U.S. Const. art. III, § 2, cl. 1. A federal court may exercise removal jurisdiction over a case only if jurisdiction existed over the complaint as it was originally filed by the plaintiffs. 28 U.S.C. § 1441. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). On the other hand, district courts must remand the case to state court pursuant to 28 U.S.C. § 1447(c) if they lack subject matter jurisdiction or if the Plaintiff files a motion to remand within thirty days of the notice of removal based on procedural defects. *Polo v. Innoventions Int'l, LLC*, 833 F. 3d 193 (9 Cir. 2016). "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C.A. § 1447. "The decision to award attorney fees lies within the trial court's discretion, and does not require a showing that removal was in bad faith." *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1160 (C.D. Cal. 2009) (citing *Moore v. Permanente Medical Group, Inc.,* 981 F.2d 443, 446 (9th Cir.1992)).

Courts have diversity jurisdiction where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between "citizens of different states." 28 U.S.C. § 1332.

Under the well-pleaded complaint rule, federal question jurisdiction only exists when the face of a plaintiff's properly pleaded complaint raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000) (explaining that "federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims."). MMWA claims trigger federal question jurisdiction only if the amount in controversy pleaded in the original well-pleaded complaint exceeds $50,000. 15 U.S.C. § 2310(d)(3)(B).

Under 28 U.S.C. § 1446(b) there are "two thirty-day periods for removing a case." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010). The first thirty-

day removal period is triggered if the complaint's removability is clear from the four corners of the "initial pleading." *Id.* The second thirty-day removal period is triggered if the initial pleading does not reveal a basis for removal, but the defendant thereafter receives "'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 693 (9th Cir. 2005) (quoting 28 U.S.C. § 1446(b)).

If neither the original pleading nor another paper reveals on its face that the action is removable, then neither thirty-day deadline is triggered and the defendant may remove at any time. *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013). However, an action removed based on diversity jurisdiction must be removed within one year after commencement of the action. *See* 28 U.S.C. § 1446(c)(1). In other words, in determining the amount in controversy for diversity or federal question jurisdiction a complaint which is indeterminate as to the amount in controversy is not subject to the thirty-day limit. *Roth*, 720 F.3d at 1125.

## III. DISCUSSION

First, the Court considers whether the face of Plaintiff's Complaint establishes diversity jurisdiction. As stated above, to establish diversity jurisdiction the removing party must show that: (1) the parties are citizens of different states, and (2) the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Plaintiff's Complaint alleges that Plaintiff is a resident of Eureka, California, but residence without a factual showing of intent to remain is not citizenship, so this allegation does not establish Plaintiffs' citizenship. *Adams v. W. Marine Prods., Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020) (explaining that a person's citizenship is determined by domicile or the "permanent home" where (i) she resides, (ii) with the intention to remain or to which she intends to return); Dkt. 1-1 at 12. Plaintiff's failure to include in the Complaint their state domicile and thus their citizenship belies any argument that the face of the Complaint gave rise to diversity jurisdiction. *See Beaver v. Sedehi*, No. 24-2041-MLP, 2025 WL 2372916, at *1 (W.D. Wash. Aug. 14, 2025) (citing *Lew v. Moss*, 797 F.2d 747, 740 (9th Cir. 1986). Also, the

Complaint does not allege an amount in controversy or facts that make it obvious that the $75,000 threshold amount for diversity jurisdiction was satisfied. Dkt. 1-1 at 12–18. Thus, diversity jurisdiction is not apparent from the face of the Complaint. *See* Dkt. 1-1.

Second, the Court considers whether the face of the Complaint established federal question jurisdiction. As noted, the Complaint does not establish any amount in controversy, so the $50,000 amount in controversy threshold required by the MMWA claim was neither satisfied. *See* Dkt. 1-1. Thus, the Complaint did not establish federal question jurisdiction under the MMWA claim. 15 U.S.C. § 2310(d)(3)(B).

Finally, the Court turns to whether removal was timely. The removal periods are either triggered by a defendant's receipt of a complaint or another filing that makes the removability of the action clear. *Harris*, 425 F.3d at 693. Where grounds for removal emerge, a removing defendant can remove at any time if neither period is triggered by the face of the complaint or another filing that demonstrates removability. *Roth*, 720 F.3d at 1125 (9th Cir. 2013). However, the defendant is not required to investigate the allegations to determine removability. *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013) ("To avoid saddling defendants with the burden of investigating jurisdictional facts, we have held that 'the ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin.") (quoting *Harris*, 425 F.3d at 695). A complaint is "indeterminate" if the jurisdictional elements are vague on the face of the complaint. *Kuxhausen*, 707 F.3d 1136 at 1139 (9th Cir. 2013).

The four corners of the Complaint did not reveal diversity of citizenship between the parties and that the amount in controversy was at least $75,000. *See* Dkt. 12, 1-1. Thus, the Complaint was indeterminate and the first thirty-day removal period was not triggered. *Kuxhausen*, 707 F.3d at 1139.

However, Plaintiff argues that the statutory disclosures they filed in state court on May 19, 2025 made removability clear. *See* Dkt. 19 at 3–4. Plaintiff elaborates that these disclosures, the Sales Agreement and repair orders, supplied all figures needed to calculate

actual damages, apply the statutory mileage offset, and determine whether the $50,000 MMWA jurisdictional threshold under 15 U.S.C. § 2310(d)(3)(B) was satisfied. Dkt. 19 at 4. Thus, Plaintiff asserts, as of May 19, 2025, removability was "unequivocally clear and certain." *Dietrich v. Boeing Co.,* 14 F.4th 1089, 1094 (9th Cir. 2021); *see also Harris*, 425 F.3d at 693. Plaintiff requests that this Court award monetary sanctions in the amount of $3,267.00 (7.26 hours x $450), against Defendant and its counsel, jointly and severally. Dkt. 12-1 at 4.

Defendants counter that the disclosures were incomplete and included only the retail installment sales contract ("RISC") for the subject 2019 Chevrolet Silverado ("Subject Vehicle") and some repair orders. Dkt. 18-1 at 2, 18-2. Defendant has not submitted said repair orders nor have the Parties presented information about what they contain. *See, e.g.* 12-1 at 3, 18-1 at 2. Left with only the sales contract and the mileage, the Court is hard pressed to determine whether the May 19, 2025 disclosures did in fact make removability clear. Dkt. 18-1.

However, Defendants were able to use the May 19, 2025 filings to estimate that the amount in controversy exceeds the $50,000 MMWA jurisdictional threshold:

> Plaintiff alleges they purchased a 2019 Chevrolet Silverado 1500 ("Subject Vehicle"). Again, Plaintiff does not allege the purchase price of the vehicle. However, through its investigation, GM confirmed Plaintiff paid $70,192.00. After considering applicable offsets, and actual damages recoverable under the Magnuson-Moss Act (which does not allow for civil penalties), GM's investigation concluded that attorney's fees may also be added to the amount in controversy, including future attorney's fees, and the actual damages at issue here would be over $50,000.

Dkt. 1 at 4.

As of May 19, 2025, Plaintiff had supplied the purchase price of the vehicle and the mileage and other statutory disclosures. Thus, Defendant GM had sufficient information to estimate that removal was proper. Dkt. 18-1, 18-2. By waiting until July 21, 2025, sixty-five days after receiving Plaintiff's statutory disclosures, Defendant failed to remove within

the thirty-day timeline established under § 1446(b)(3). *See* Dkt. 19 at 4. Thus, the Court finds that removal was proper as of May 19, 2025. *See Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 693 (9th Cir. 2005) (quoting 28 U.S.C. § 1446(b)).

The decision of whether to award "fees should turn on the reasonableness of the removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* Departures from this general rule should balance "the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party" with "Congress' basic decision to afford defendants a right to remove." *Id.* at 140-141. Here, while the removal was untimely, based upon the standard, there is insufficient evidence to support that Plaintiff is entitled to costs, actual expenses, or attorney fees incurred by the removal. *See* 28 U.S.C. § 1447(c).

## IV. CONCLUSION

Accordingly, Plaintiffs' Motion for Remand is **GRANTED**. Dkt. 12. This action is **REMANDED** to the Superior Court of California, County of Los Angeles, Case No. 25STCV02854.

**IT IS SO ORDERED.**

Dated: September 23, 2026

HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE